CANADY, C.J.,
dissenting.
The basis for the majority’s decision to preclude the people of Florida from voting on proposed amendment 7 is the assertion that the amendment is misleading because it fails to disclose that it would nullify the contiguity requirement currently in the Florida Constitution. But nothing about amendment 7 is misleading. The amendment, by its own plain terms, does not nullify the contiguity requirement but mandates the implementation of that requirement. I therefore dissent from the majority’s ruling that the text of amendment 7 and its ballot title are defective and *671 from the decision to remove the amendment from the ballot.
Article III, section 16(a) of the Florida Constitution provides that the Legislature “shall apportion the state ... into not less than thirty nor more than forty consecutively numbered senatorial districts of either contiguous, overlapping or identical territory, and into not less than eighty nor more than one hundred twenty consecutively numbered representative districts of either contiguous, overlapping or identical territory.” Contrary to the majority’s assertion, nothing in amendment 7 would nullify, dilute, or alter this provision of the Florida Constitution.
Amendment 7 provides that in establishing district boundaries or plans, “the state shall ... balance and implement the standards in this constitution.” H.J. Res. 7281, 2010 Leg. (Fla.2010) (emphasis added). Amendment 7 further provides that “[t]he state shall take into consideration the ability of racial and language minorities to participate in the political process and elect candidates of their choice, and communities of common interest other than political parties may be respected and promoted, both without subordination to any other provision of this article.” Id. (emphasis added). Finally, amendment 7 also states that “[districts and plans are valid if the balancing and implementation of standards is rationally related to the standards contained in this constitution.” Id. (emphasis added).
The majority’s reading of the amendment fails to give full effect to these provisions. That reading is based on the inference that the references in the text of amendment 7 to “balance” and “balancing” and the “without subordination to” clause vest the Legislature with a wholly discretionary power to ignore the contiguity requirement of article III, section 16(a). But the inference relied on by the majority is rendered wholly untenable by the express requirement in the amendment that the State “balance and implement the standards in this constitution” and by the express provision that the “balancing and implementation of standards” must be “rationally related” to the constitutional standards. The majority’s interpretation of amendment 7 effectively reads the words “and implement” together with “and implementation” out of the text of the amendment.
“Implement” means “to carry out: accomplish, fulfill.” Webster’s Third New Int’l Dictionary of the English Language, Unabridged 1134 (1993). More particularly, “implement” means “to give practical effect to and ensure of actual fulfillment by concrete measures.” Id. It is impossible to implement a requirement or standard if the requirement or standard is disregarded. A standard which must be implemented has not been nullified.
Contrary to the majority’s suggestion, the standard at issue — contiguity—is not a standard that is subject to dilution.
This Court has defined “contiguous” as “being in actual contact: touching along a boundary or at a point.” A district lacks contiguity “when a part is isolated from the rest by the territory of another district” or when the lands “mutually touch only at a common corner or right angle.”
In re Constitutionality of House Joint Resolution 1987, 817 So.2d 819, 827-28 (Fla.2002) (citation omitted) (quoting In re Senate Joint Resolution 2G, 597 So.2d 276, 279 (Fla.1992)). A district either meets the contiguity requirement or fails to meet that requirement. Contiguity is thus a determinate requirement and not a vague standard that may be applied in varying degrees. In this respect, contiguity is like the constitutional requirement that there be between thirty and forty senatorial dis *672 tricts and between eighty and 120 representative districts.
The direction to “balance and implement” standards does not — as the majority contends — grant discretion to not implement the contiguity standard. If the Legislature adopted a plan with districts that did not meet the contiguity requirement, the Legislature would have failed to “balance and implement the standards of the constitution” and the “balancing and implementation of standards” would not be “rationally related” to the standards of the constitution. Under amendment 7, the Legislature would have no more discretion to adopt a plan with districts not satisfying the contiguity requirement than it would have to adopt a plan with fifty senatorial districts and 150 representative districts. In short, the majority’s reading of amendment 7 cannot be reconciled with the plain meaning of “implement.”
Nor does the “without subordination to” clause justify the majority’s conclusion that amendment 7 would nullify, dilute, or alter the contiguity requirement. Based on that clause, the majority reasons that the other requirements of the constitution “may be subordinated to the discretionary considerations in the balancing process set forth in Amendment 7.” Majority op. at 668. The majority equates “without subordination to” with “superior to” or “without regard to.” Id. In the full context of amendment 7, this interpretation is not plausible. The clause must be understood in conjunction with the provision that all of the constitutional standards must be implemented. H.J. Res. 7231, 2010 Leg. (Fla.2010). In context, “without subordination to” can only mean “not inferior to.” It cannot be understood to suggest that the Legislature can fail to implement the other constitutional standards of article III.
The majority’s interpretation is not rescued by the assertion that the phrase “balance and implement the standards,” the phrase “balancing and implementation of standards,” and the “without subordination to” clause leave open the possibility that not every standard must necessarily be implemented. The assertion springs from an inappropriate focus on the “without subordination to” clause and the references to “balance” and “balancing” in isolation from the full context of amendment 7. This assertion thus attempts to tease an ambiguity out of a text that unequivocally directs that “the state shall ... balance and implement the standards in this constitution.”
But even if disbelief could be suspended and the ambiguity could be found, the majority’s position would nonetheless founder on the rule that “[a] construction that nullifies a specific clause will not be given to a constitution unless absolutely required by the context.” Gray v. Bryant, 125 So.2d 846, 858 (Fla.1960). Since amendment 7 does not expressly repeal the contiguity requirement now in the constitution, any ambiguity in amendment 7 should be resolved to harmonize the amendment with the existing contiguity provision. See Jackson v. Consol. Gov’t of Jacksonville, 225 So.2d 497, 500-01 (Fla.1969). The majority’s analysis simply fails to take into account this cardinal rule of constitutional interpretation.[5]
*673 The chief purpose of amendment 7 is clearly articulated and presented to the voters in the ballot summary, which sets forth verbatim the operative text of the amendment. The text of the amendment speaks for itself, and it conceals nothing from the voters. There is nothing about the ballot title or the ballot summary that is inaccurate or misleading. Instead, the inaccuracy lies in the majority’s unwarranted interpretation of amendment 7, an interpretation which cannot be reconciled with the amendment’s plain meaning and which violates fundamental principles of constitutional interpretation. The people are thus denied the right to vote on amendment 7 based on an interpretation of the amendment which cannot withstand scrutiny.
The Constitution of Florida belongs to the people of Florida. Under our system of democratic governance, the people have the fundamental right to amend the constitution, which includes the right to consider constitutional amendments proposed to them by their representatives in the Legislature. The decision to remove amendment 7 from the ballot unjustifiably denies the people of Florida the opportunity to vote on this amendment to the constitution properly proposed to them by their elected representatives. The majority’s decision unduly interferes with a process that is fundamental to our constitutional system of democratic governance.
POLSTON, J., concurs.

. The majority's justification for this failure is not cogent. The majority asserts that the rule of construction does not apply to proposed constitutional amendments. This misses the point that the question here is the effect the proposed amendment, if adopted, would have on the existing constitutional provision. To decide if the proposal is defective because it fails to disclose to .the voters that it would alter, nullify, or dilute the existing contiguity provision, the interplay of the proposal and the existing provision must be determined. *673 The rule of constitutional construction obviously is relevant to that determination.